# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| JAMES RIVER COAL COMPANY, et al., | ) ) | NO. 303-04095 |
| | ) | JOINTLY ADMINISTERED |
| Debtors. | ) ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| ANTHONY H.N. SCHNELLING, AS TRUSTEE OF THE JRCC UNSECURED CREDITOR LIQUIDATING TRUST, | ) ) ) ) ) | ADV. NO. 305-0409A |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROTHSCHILD, INC., | ) | |
| | ) | |
| Defendant. | ) ) | |

___

## ORDER
___

Upon further consideration of the pleadings in this case, including Rothschild, Inc.'s (hereinafter "Rothschild") Motion to Alter or Amend, the Court finds that the previous Memorandum Opinion and Order, dated September 14, 2006, denying Rothschild's Motion

to Dismiss, or in the Alternative, for Summary Judgment, should be withdrawn for the following reasons:

(1) Rothschild has persuaded the Court that it misapplied the *PHP Liquidating LLC v. PricewaterhouseCoopers LLP (In re PHP Healthcare Corp.)*, No. 98-2608JKF, 00-665, 2002 WL 923932 (Bankr. D. Del. May 7, 2002) (hereinafter *"PHP"*) and *BCPM Liquidating LLC v. PricewaterhouseCoopers LLP (In re BCP Mgmt., Inc.)*, 320 B.R. 265 (Bankr. D. Del. 2005) (hereinafter *"BCPM"*) cases. In *PHP* and *BCPM*, total non-disclosure of pre-petition payments in retention and/or fee applications precluded the application of res judicata in later preferences cases. Here, in the Retention Application and Interim and Final Applications for Compensation, Rothschild submitted and described: (a) the pivotal Letter Agreement which governed how payments had been made from November 4, 2002, to March 24, 2003, just before bankruptcy; (b) the debtors' monthly payments of $150,000; (c) the total of $763,333.97 in fees and expenses which the debtors paid pre-petition pursuant to the Letter Agreement for 140 days of service pre-petition; and (d) the credit calculations of the monthly fees paid both pre- and post-petition which were to be applied to the Completion Fee pursuant to the Letter Agreement.

Accordingly, the Motion to Alter or Amend should be granted as to the res judicata portion of Rothschild's argument as set forth in the substituted Memorandum Opinion entered simultaneously with this Order.

2 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:05-ap-00409    Doc 38    Filed 04/06/07    Entered 04/06/07 09:58:09    Desc Main
Document      Page 2 of 3

(2) The Court has also clarified its opinion regarding judicial estoppel in its substituted Memorandum Opinion.

**IT IS, THEREFORE, ORDERED** that Rothschild's Motion to Alter or Amend is **GRANTED** as set forth above, that the previous Memorandum Opinion and Order entered on September 14, 2006, are **WITHDRAWN**, and that a substituted Memorandum Opinion and Order are **ENTERED** simultaneously herewith.

**IT IS SO ORDERED.**

**This Order was signed and entered electronically as indicated at the top of the first page.**